**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2549

ANHEUSER-BUSCH, INCORPORATED,

Plaintiff, Appellee,

v.

CAUGHT-ON-BLEU, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Before

Torruella, <u>Circuit Judge</u>,

Porfilio,[*] <u>Senior Circuit Judge</u>, and

Howard, <u>Circuit Judge</u>.

Jeffrey D. Clements, with whom Clements & Clements, LLP was on brief, for appellant.
Susan A. Cahoon, with whom Virginia S. Taylor, Michael W. Rafter, Kilpatrick Stockton, LLP, Steven M. Gordon, Arpiar G. Saunders, Jr., and Shaheen & Gordon, P.A. were on brief, for appellee.

August 2, 2004

---

[*]Of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

**Per Curiam**. Caught-on-Bleu, Inc., manufacturer of a microbrew named Billy Budd Classic American Ale that was briefly distributed in New Hampshire during the fall of 1999, appeals summary judgments awarded to Anheuser-Busch, Inc., on Anheuser-Busch's claims for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, and on Caught-on-Blue's counterclaims under New Hampshire law for tortious interference with contractual rights and unfair competition. The rationale underlying the challenged judgments was explained in two meticulously reasoned opinions that, together, spanned nearly seventy pages. See Anheuser-Busch, Inc. v. Caught-on-Bleu, Inc., 288 F. Supp. 2d 105 (D.N.H. 2003) (order on motion for summary judgment on Lanham Act claims); Anheuser-Busch, Inc. v. Caught-on-Bleu, Inc., 2003 WL 21715330 (D.N.H. July 22, 2003) (order on motion for summary judgment on counterclaims under New Hampshire law).

Caught-on-Bleu's appellate briefs fail to address the most important aspects of the district court's analysis. In challenging the court's denial of its de facto (and defective) Fed. R. Civ. P. 56(f) motion, Caught-on-Bleu makes no developed argument that one ground for the court's ruling -- that Caught-on-Bleu failed to conduct its discovery diligently, see 2003 WL 21715330 at **2-3 -- constituted an abuse of discretion. Similarly, in challenging the court's award of summary judgment on its tortious

-2-

interference and unfair competition claims, Caught-on-Bleu does not explain how the court erred in concluding that there was no genuine issue of material fact as to whether Anheuser-Busch knew of the existence of Caught-on-Blue at the relevant point in time, id. at **3-4 (rejecting tortious interference claim because claim, as pleaded, required such knowledge and explaining why the record failed to establish such knowledge), or as to whether Caught-on-Bleu pursued distribution agreements with Anheuser-Busch distributors, id. at **6-7 (rejecting unfair competition claim because claim, as pleaded, required proof that Caught-on-Bleu sought to distribute Billy Budd Ale through Anheuser-Busch distributors and explaining why the record failed to establish such evidence). Finally, in challenging the court's award of summary judgment on Anheuser-Busch's Lanham Act claims, Caught-on-Blue does not explain how the court erred in finding unpersuasive Caught-on-Bleu's expert's objections to the crucial survey evidence Anheuser-Busch submitted to show actual consumer confusion in support of its Lanham Act claim, see 288 F. Supp. 2d at 122-23, or in deeming its mark similar in appearance to Anheuser-Busch's marks, see id. at 115-16. It is not enough simply to repeat that the court did not give it the benefit of the doubt as it is required to do under Fed. R. Civ. P. 56. Elaboration and specificity is needed when challenging a court's carefully explained final judgments.

Under the circumstances, we think that the most appropriate course of action is to affirm the judgments in question for substantially the reasons set forth in the district court's opinions. See, e.g., Vargas-Ruiz v. Golden Arch Development, Inc., 368 F.3d 1, 2 (1st Cir. 2004) ("[W]hen a trial court accurately sizes up a case, applies the law faultlessly to the discerned facts, decides the matter and articulates a convincing rationale for the decision, there is no need for a reviewing court to wax longiloquent.") (collecting cases). We do not discount the possibility that aspects of the district court's reasoning might fairly be regarded as debatable; however, Caught-on-Blue has not presented us with developed arguments on the points in question, and we are not inclined to take them up on our own. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). In any event, we have reviewed the record with care and are satisfied that, in the end, the judgments entered were correct.

**Affirmed**.