**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1836

STURM RUGER & CO.,

Petitioner,

v.

ELAINE CHAO, SECRETARY OF LABOR,

Respondent.

---

ON PETITION FOR REVIEW OF A FINAL ORDER OF

THE OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

---

Before

Howard, Circuit Judge,

Cyr and Stahl, Senior Circuit Judges.

---

Richard D. Wayne with whom Brian E. Lewis and Hinkley, Allen
& Snyder LLP were on brief, for petitioner.
Ronald J. Gottlieb, Attorney, U.S. Department of Labor with
whom Howard M. Radzely, Solicitor of Labor, Joseph M. Woodward,
Associate Solicitor of Occupational Safety and Health and Ann
Rosenthal, Counsel for Appellate Litigation, were on brief, for
Respondent.

---

April 18, 2005

---

**Per Curiam**.  Sturm Ruger & Co. petitions for review of an order of the Occupational Safety and Health Review Commission (the Commission) denying its motion to suppress evidence obtained during an Occupational Safety and Health Administration (OSHA) inspection of one of its establishments.  Sturm Ruger also challenges certain of the Commission's discovery rulings.  We deny the petition for review.

## I.

In 1996, OSHA launched an annual survey called the Data Collection Initiative (DCI).  See 29 C.F.R. § 1904.17 (1998). Under the DCI, OSHA required certain employers to report the number of work related injuries and illnesses, as well as the number of employees and the number of hours worked during the survey period. The survey required that each employer report the requested information on a "per establishment" basis.  OSHA used the survey data to calculate the rate of injury or illness per establishment. OSHA then used the resulting rates to target certain establishments for inspection as part of its Interim Plan for Inspection Targeting (ITP).

Sturm Ruger has manufacturing facilities in Newport, New Hampshire.  Sturm Ruger's Pine Tree Castings Division is housed within one of the buildings at Sturm Ruger's Newport facility. Pine Tree produces steel investment castings for use by Sturm Ruger and third parties.  In April 1997, OSHA sent Sturm Ruger a DCI survey for its Pine Tree establishment.  Sturm Ruger complied with

the survey by providing OSHA all of the requested information for Pine Tree.

Based on the data provided, OSHA determined that Pine Tree had a higher than average injury/illness rate and targeted it for inspection under the ITP. In June 1998, two OSHA inspectors attempted to inspect Pine Tree. Sturm Ruger management withheld consent for the inspection. Consequently, OSHA requested and obtained an administrative search warrant from a judge of the United States District Court for the District of New Hampshire. When the inspectors returned to Pine Tree to execute the warrant, Sturm Ruger again refused them entry and subsequently moved to quash the warrant in the district court.

Sturm Ruger's main argument to quash the warrant was that the regulation authorizing the DCI only permitted OSHA to collect data on an "employer" basis, and therefore OSHA did not have the power to request data solely for an employer's "establishments." The company also argued that the warrant did not comport with the Fourth Amendment requirements for an administrative search. In detailed opinions, a magistrate judge and a second district court judge rejected Sturm Ruger's arguments. See Sturm Ruger v. United States, No. 98-418JD, 1999 U.S. Dist. LEXIS 22533 (D.N.H. Jan. 22, 1999) (district court opinion); Sturm Ruger v. United States, No. 98-418JD (Dec. 8, 1999) (report and recommendation of magistrate judge). Sturm Ruger appealed to this court and sought a stay of the inspection. We denied the stay and eventually dismissed the appeal. See Sturm Ruger v. United States, No. 99-1160 (Mar. 4,

1999) (order denying stay); <u>Sturm Ruger</u> v. <u>United States</u>, 186 F.3d 63 (1st Cir. 1999) (opinion dismissing appeal). OSHA subsequently inspected Pine Tree. As a result of the inspection, OSHA issued Sturm Ruger citations for safety violations.

In accordance with the Occupational Safety and Health Act's (the Act) review procedures, Sturm Ruger contested the citations before an administrative law judge appointed by the Commission. In this proceeding, Sturm Ruger reiterated its prior arguments and also claimed that the DCI was unlawful because the Act only permitted OSHA to collect information from an employer which was "made and kept" pursuant to regulations issued by the Secretary of Labor -- a putative prerequisite that was not satisfied here. The administrative law judge rejected this argument (as well as Sturm Ruger's other challenges to the DCI) on the ground that Sturm Ruger had provided the survey information willingly and therefore had waived any objection it might have to the DCI.

Sturm Ruger sought and obtained from the Commission discretionary review of the administrative law judge's decision. The company repeated its arguments concerning the legality of the DCI and the unconstitutional nature of the warrant. It also argued that it was unfairly denied discovery before the administrative law judge concerning the legality of the DCI and whether OSHA had vindictively targeted it for inspection under the ITP. The Commission rejected Sturm Ruger's arguments against the validity of the warrant and concluded that, even if the warrant was <u>ultra</u>

vires, OSHA obtained the warrant in good faith and therefore was entitled to introduce any evidence obtained as a result of its execution. The Commission also rejected Sturm Ruger's discovery complaints because its challenges to the DCI were purely legal and because Sturm Ruger had not made a threshold showing that OSHA vindictively targeted it for inspection under the ITP.

## II.

In its petition for review, Sturm Ruger has challenged the legality of the DCI, the constitutionality of the warrant, and the fairness of the discovery rulings. It has not, however, challenged the Commission's decision that, regardless of the legality of the warrant, suppression of the evidence obtained from the inspection was not required because OSHA obtained the warrant in good faith. Indeed, Sturm Ruger only acknowledged the Commission's good faith ruling in its reply brief, after OSHA focused on it as the primary ground for affirming the Commission's order.

A party may not raise an argument for the first time in a reply brief. See United States v. Torres, 162 F.3d 6, 11 (1st Cir. 1998); United States v. Nueva, 979 F.2d 880, 885 n.8 (1st Cir. 1992). Applying this rule is particularly appropriate where, as here, the petitioner ignored one of the lower court's (or in this case the agency's) clearly stated grounds for decision. Cf. Anheuser-Busch, Inc. v. Caught-on-Bleu, Inc., 105 Fed. Appx. 285, 287 (1st Cir. 2004) (per curiam) (explaining that appellant has an obligation to address with specificity the grounds for the lower

court's decision), cert. denied, --U.S.--, 2005 WL 637213 (Mar. 21, 2005). Sturm Ruger's challenge to the good faith ruling is therefore most likely waived, see Torres, 162 F.3d at 11, and, at best, is forfeited and only can be considered for plain error, see United States v. Rodriguez-Leon, 311 F.3d 435, 437 (1st Cir. 2002). We will assume arguendo that plain error review is available.

For Sturm Ruger to demonstrate plain error, it must show that there was a clear error that affected its substantial rights and undermines the fairness, integrity, or public reputation of the judicial process. See Diaz-Seijo v. Fajardo-Velez, 397 F.3d 53, 55 (1st Cir. 2005). Sturm Ruger stumbles at the threshold as it cannot demonstrate that the Commission's good faith ruling was obviously wrong.

The parties agree that the exclusionary rule would apply to evidence obtained from an unlawful OSHA inspection. They also agree that the good faith exception to the exclusionary rule would apply to at least some searches conducted pursuant to an administrative warrant. See United States v. Leon, 468 U.S. 897, 918-21 (1984) (explaining the rationale for not applying the exclusionary rule to evidence garnered from an unlawful warrant that was obtained in objective good faith). Sturm Ruger's position is that the good faith exception does not apply here because OSHA's request for a warrant was based on an erroneous interpretation of its legal authority to conduct the inspection. The caselaw does not support this proposed limitation to the good faith rule.

-6-

In _Trinity Industries v. Occupational Safety & Health Review Commission_, 16 F.3d 1455 (6th Cir. 1994), the Sixth Circuit considered an employer's challenge to an OSHA warrant on the ground that the OSHA regulation authorizing the inspection was illegal. The court agreed with the employer that the regulation was unlawful and that the warrant should not have been issued. _Id._ at 1459-60. The court nevertheless declined to invoke the exclusionary rule because OSHA had obtained the warrant in objective good faith. _Id._ at 1462. In so ruling, the court pointed out that the warrant application was detailed and specific, and that the warrant's validity had been upheld by a magistrate judge and district court judge before it was executed. _Id_; _see also_ _Donovan_ v. _Fed. Clearing Die Casting Co._, 695 F.2d 1020, 1022-24 (7th Cir. 1982) (admitting evidence seized pursuant to an improper OSHA warrant because the district court had upheld the validity of the warrant in pre-execution litigation).

This case closely resembles _Trinity_ and _Donovan_. The warrant application that OSHA submitted was detailed and accurate. More importantly, before executing the warrant, OSHA successfully litigated the validity of the warrant before a magistrate and district court judge and defeated Sturm Ruger's motion to stay the warrant's execution in this court.

There is, however, one significant difference between this case and _Trinity_ and _Donvoan_. In the latter two cases, the employer raised all of its arguments against the validity of the warrant in the motion to quash so all issues had been litigated

-7-

before OSHA executed the warrant.  Here, Sturm Ruger raised only the employer/establishment argument and the Fourth Amendment claim in the motion to quash proceeding and reserved the "number of employees/hours worked" argument until the Commission proceeding. We can base our good faith conclusion on the fact that the warrant was upheld in pre-execution judicial proceedings only for the arguments resolved in those proceedings (viz., the employer/establishment argument and the Fourth Amendment argument). We must consider independently whether the "number of employees/hours worked" argument is so obviously meritorious that OSHA clearly was not acting in good faith by seeking a warrant based on data obtained from the DCI.  See Leon, 468 U.S. at 922 (stating that good faith exception does not apply if the inspecting authority "ha[d] no reasonable grounds for believing that the warrant was properly issued").

The regulation authorizing the DCI required employers to report to OSHA "the number of workers . . . employed and [the] number of hours worked . . . for periods designated in the Survey Form."  29 C.F.R. § 1904.17 (1998).  Sturm Ruger argues that this requirement was unlawful because the Act only permits OSHA to require employers to file reports "on the basis of records made and kept pursuant" to regulations promulgated by the Secretary of Labor, 29 U.S.C. § 673(e) (emphasis supplied), and there is no regulation requiring employers to keep records of the number of employees and the number of hours worked per establishment.

-8-

Sturm Ruger's contention rests on the statutory language "on the basis of records made and kept." It reads this language to mean that reports required by OSHA must be based solely on information contained in records that the Secretary of Labor requires employers to keep. OSHA reads this language as giving it flexibility to require the reporting of some information not required to be kept so long as the foundation for the report is information that an employer must maintain.

OSHA's reading of the statute is not plainly wrong. Courts have found that similar "based on" language is synonymous with "arising from" and ordinarily refers to a "starting point" or a "foundation", see McDaniel v. Chevron Corp., 203 F.3d 1099, 1111-12 (9th Cir. 2000) (collecting cases), and have resisted reading this phrase to mean "based solely on," see United States ex rel. Kreindler & Kreindler v. United Tech Corp., 985 F.2d 1148, 1158 (2d Cir. 1993). The language in the Act is therefore at least reasonably read as granting OSHA a modicum of discretion to require the reporting of additional information -- at least where, as here, the foundation for the report is information maintained in records which employers, by regulation, must keep.[1]  See Sierra Club v.

---

[1]There is no dispute that the Secretary of Labor required employers to keep logs on the incidences of work place injuries and illnesses. This was the foundational information for the DCI. The number of employees and the hours worked were background information that allowed OSHA to generate a rate of injury or illness for each establishment. As OSHA explained in its brief, "the raw numbers of injuries and illnesses occurring at a workplace would be meaningless without information on how that number compared to the amount of work performed there."

Since the inspection of Pine Tree, the Secretary has promulgated a regulation requiring employers to keep records of the

EPA, 356 F.3d 296, 305-06 n.7 (D.C. Cir. 2004) (stating that the statutory term "based on" unambiguously granted agency discretion to apply some additional criteria to those stated in the statute). That being the case, the Commission did not plainly err in declining to suppress the evidence under Leon.

The only remaining issue is Sturm Ruger's challenge to the denial of discovery on its claims that the DCI was illegal and that OSHA vindictively targeted it for inspection. An administrative agency's discovery rulings are reviewed for an abuse of discretion and will be overturned only if the complaining party demonstrates prejudice. See Markland v. Office of Pers. Mgmt., 140 F.3d 1031, 1036 (Fed. Cir. 1998). "The extent of discovery to which a party to an administrative proceeding is entitled is primarily determined by the particular agency . . ." Pac. Gas & Elec. Co. v. FERC, 746 F.2d 1383, 1387 (9th Cir. 1984).

The Commission's ruling that Sturm Ruger was not entitled to discovery on the legality of the DCI was within its discretion. Sturm Ruger has provided only a conclusory statement that it needed discovery to prove that the DCI was unlawful. But we fail to see how discovery on this question would have yielded information

---

number of employees and the number of hours worked. See 29 C.F.R. § 1904.32 (2004). We do not believe that the promulgation of this regulation demonstrates that OSHA did not act in good faith in asking for information before the regulation was adopted on the number of employees and the number of hours worked. OSHA may well have believed that it had the authority to request this information without the regulation and that the promulgation of the new regulation merely clarified its preexisting authority.

relevant to whether the regulation creating the DCI violated the Act. As the Commission explained, this is a question of law.

Sturm Ruger also has failed to meet its burden for overturning the discovery ruling concerning its claim of vindictive targeting under the ITP. The Commission rejected Sturm Ruger's discovery request because Sturm Ruger "had not shown a colorable basis for [its] claim." We discern nothing improper in the Commission requiring Sturm Ruger to make a threshold showing that the agency acted vindictively in targeting it for inspection. Similar requirements exist in analogous areas. Cf. United States v. Armstrong, 517 U.S. 456, 468-69 (1996) (holding that the accused must make a threshold showing to obtain discovery on a selective prosecution claim); Franks v. Delaware, 438 U.S. 154, 171-72 (1978) (holding that a party must provide an offer of proof of a falsely procured search warrant to obtain an evidentiary hearing). Sturm Ruger alleged that it was vindictively targeted because it had vigorously opposed a prior OSHA initiative, but it provided no facts to support this assertion. The Commission did not abuse its discretion in concluding that this allegation was insufficient to warrant discovery.

### III.

For the reasons stated, we **deny** the petition for review and **enforce** the Commission's order.